12-CV-05561-ORD

FILED _____ LODGED
_____ RECEIVED

JUN 27 2012

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

PEOPLES BANK, a Washington corporation,

   Plaintiff,

v.

P/C EASY RIDER, Official Number 926895, her engines, tackle, apparel, furniture, appurtenances and equipment, *In Rem*, and NEIL SWANSON, *In Personam*,

   Defendants.

IN ADMIRALTY

NO. C12-5561 RJB

[Proposed]
ORDER APPOINTING PUGLIA ENGINEERING, INC. SUBSTITUTE CUSTODIAN AND ORDER AUTHORIZING MOVEMENT OF VESSEL

TO THE HONORABLE, THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON:

  Plaintiff, Peoples Bank, by and through its attorney of record, having made appearance and made the following recitals:

  1. On June 26, 2012 the Complaint herein was filed praying that the vessel P/C EASY RIDER, Official Number 926895, her engines, tackle, apparel,

Order Appointing Puglia Engineering, Inc. Substitute Custodian and
Order Authorizing Movement of Vessel - 1

Law Office of
STAN LOOSMORE, P.S.
P O Box 1399
Mercer Island, WA 98040
206 622-2400

furniture, appurtenances and equipment, be condemned and sold to pay plaintiff's claims and for other proper relief.

2. The Clerk of the Court has been authorized to issue a Warrant for Arrest commanding the United States Marshal for this District to arrest and take the defendant vessel into custody and to detain it in custody until further Order of this Court.

3. It is contemplated that the United States Marshal will seize the defendant vessel forthwith. Custody by the U. S. Marshal requires the services of one or more keepers at a charge of $250.00 or more per day for the keepers alone and not including charges for moorage, storage and the other services usually associated with safekeeping vessels similar to the defendant vessel.

4. It is believed that the defendant vessel is currently moored in Kingston, Washington. After its arrest, the vessel will be moved by tug or other safe means to adequate, safe moorage at facilities in Seattle, Washington arranged for by the Substitute Custodian.

5. Plaintiff is agreeable to allow Puglia Engineering, Inc., through its president, Neil Turney, to assume the responsibility of safekeeping said vessel and Puglia Engineering, Inc., through its president, Neil Turney, has consented to act as her custodian until further Order of this Court. Fees and expenses to be charged by Puglia Engineering, Inc. will be substantially less than the cost of leaving the defendant vessel in the custody of the U. S. Marshal.

6. Neil Turney, president, Puglia Engineering, Inc., by declaration appended hereto and made a part hereof, avers that neither he nor Puglia Engineering, Inc. has any interest in the outcome of this lawsuit, that he can arrange for adequate storage and supervision for the proper safekeeping of the

Order Appointing Puglia Engineering, Inc. Substitute Custodian and
Order Authorizing Movement of Vessel - 2

Law Office of
STAN LOOSMORE, P.S.
P O Box 1399
Mercer Island, WA 98040
206 622-2400

1  vessel, and that he has obtained liability insurance with policy limits of not less
2  than $1,000,000.00 which is expected to be adequate to respond in damages for
3  loss of or injury to the defendant vessel or for damages sustained by third parties
4  due to any acts, faults or negligence of said Substitute Custodian. Further, in his
5  declaration, Neil Turney, on behalf of Puglia Engineering, Inc., agrees to accept
6  custody of the defendant vessel and its equipment which is the subject of the action
7  herein, in accordance with the terms of this Order.

8      7.    In consideration of the U. S. Marshal's consent to the appointment of
9  Puglia Engineering, Inc., through its president, Neil Turney, as Substitute Custodian,
10  plaintiff agrees to release the United States and the U. S. Marshal from any and all
11  liability and responsibility arising out of the care and custody of the defendant vessel
12  and its equipment, from the time the U. S. Marshal transfers custody of the vessel
13  over to the Substitute Custodian, and plaintiff agrees to indemnify and hold the
14  United States and the U. S. Marshal harmless from any and all claims whatsoever
15  arising out of the Substitute Custodian's possession and safekeeping.

17      THEREFORE, IT IS ORDERED that the U. S. Marshal for the Western
18  District of Washington be, and is authorized and directed, upon the seizure
19  pursuant to the Warrant for Arrest of said defendant vessel, its engines, tackle, and
20  all other necessaries thereunder appertaining and belonging, to surrender the
21  custody thereof to Puglia Engineering, Inc., through its president, Neil Turney, as
22  Substitute Custodian, and that upon such surrender the U. S. Marshal shall be
23  discharged from all duties and responsibilities for the safekeeping of said vessel and
24  held harmless from any and all claims arising out of said custodial services.

Order Appointing Puglia Engineering, Inc. Substitute Custodian and
Order Authorizing Movement of Vessel - 3

Law Office of
STAN LOOSMORE, P.S.
P O Box 1399
Mercer Island, WA 98040
206 622-2400

1    IT IS FURTHER ORDERED that the Substitute Custodian shall see to and be
2 responsible for the safekeeping of the defendant vessel. Duties of the Substitute
3 Custodian shall include, but are not limited to, ensuring that there is adequate,
4 safe moorage for the defendant vessel. The Substitute Custodian is not required to
5 have a person live on board the defendant vessel, but an officer or authorized agent
6 of the Substitute Custodian shall go on board from time to time to carry out the
7 duties of Substitute Custodian. No other person shall be allowed to enter on the
8 defendant vessel except as provided for herein or as otherwise expressly authorized
9 by Order of this Court.

10    IT IS FURTHER ORDERED that the defendant vessel may be moved by safe
11 means from its present moorage to adequate, safe moorage at a facility in Seattle,
12 Washington. The Substitute Custodian shall notify the Office of the U. S. Marshal
13 that the vessel is to be moved and shall again notify the Office of the U. S. Marshal
14 when the vessel has been moved and is securely moored. Once the vessel has been
15 moved and moored, it shall not be moved away again without further Order of the
16 Court.

17    IT IS FURTHER ORDERED that the Substitute Custodian, may, but is not
18 required to, retain a locksmith and a marine engineer familiar with the vessel or its
19 equipment and take them on board the vessel with authorized agents of the
20 Substitute Custodian to assist in the moving and securing of the vessel.

21    IT IS FURTHER ORDERED that the Substitute Custodian, may, but is not
22 required to, remove those pieces of electronic equipment on board the vessel, if any,
23 which may be easily removed without damage to the vessel, and that such removed
24 electronic equipment shall be stored in a safe, secure storage and subsequently
25 returned to the defendant vessel or retained by the Substitute Custodian pending

Order Appointing Puglia Engineering, Inc. Substitute Custodian and
Order Authorizing Movement of Vessel - 4

Law Office of
STAN LOOSMORE, P.S.
P O Box 1399
Mercer Island, WA 98040
206 622-2400

1 further Order of this Court.

2     IT IS FURTHER ORDERED that the Substitute Custodian, may, but is not
3 required to, retain such services as are necessary to clean the interior and/or
4 exterior of the vessel, with such cleaning services to be performed under the
5 supervision of the Substitute Custodian.

6     IT IS FURTHER ORDERED that plaintiff shall arrange to pay charges for
7 towing and moorage of the vessel, shall pay the fees and costs of the Substitute
8 Custodian and shall reimburse the Substitute Custodian for costs incurred in
9 boarding, obtaining access to and securing the vessel, in conducting the inventory
10 of the equipment on board, and in removing and storing the electronic equipment
11 and having the vessel cleaned.

12     IT IS FURTHER ORDERED that all authorized expenses, hereafter approved
13 by the Court, for securing and conducting the inventory of the vessel in an amount
14 not to exceed $400.00, for custody of the vessel and its equipment in an amount
15 not to exceed $400.00 per month with a minimum of one month's charges payable,
16 for charges for towing the vessel, in an amount not to exceed $1,960.00, for
17 moorage and electric power in an amount not to exceed $492.00 per month, for
18 insurance on the vessel in an amount not to exceed $500.00 for the first year of
19 Substitute Custodian's insurance, and for charges of a locksmith, of a marine
20 engineer, for cleaning and securing the vessel and for storing electronic equipment,
21 which are incurred by the Substitute Custodian or plaintiff for the movement and
22 safekeeping of the defendant vessel and its equipment, shall be deemed
23 administrative expenses of the U. S. Marshal.

24     IT IS FURTHER ORDERED that plaintiff's attorney shall send a copy of this
25 Order to the owner of the defendant vessel by Certified Mail, Return Receipt

Order Appointing Puglia Engineering, Inc. Substitute Custodian and
Order Authorizing Movement of Vessel - 5

Law Office of
STAN LOOSMORE, P.S.
P O Box 1399
Mercer Island, WA 98040
206 622-2400

1 | Requested addressed to the last known address.

3 | DATED this 27 day of June, 2012.

*[signature]*
UNITED STATES DISTRICT JUDGE

8 | Presented By:

*[signature]*
Stan Loosmore, WSBA 6011
12 | Attorney for Plaintiff

14 | Approved By:

*[signature]* for

Mark Ericks

for U. S. Marshal
18 | Western District of Washington

25 | 234-12010-5p

Order Appointing Puglia Engineering, Inc. Substitute Custodian and
Order Authorizing Movement of Vessel - 6

Law Office of
STAN LOOSMORE, P.S.
P O Box 1399
Mercer Island, WA 98040
206 622-2400