
12-CV-05561-ORD

FILED _____ LODGED
_____ RECEIVED

JUN 27 2012

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PEOPLES BANK, a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>P/C EASY RIDER, Official Number 926895, her engines, tackle, apparel, furniture, appurtenances and equipment, *In Rem*, and NEIL SWANSON, *In Personam*,<br><br>Defendants. | IN ADMIRALTY<br><br>NO. C12-5561 RJB<br><br>[Proposed]<br>ORDER APPOINTING PUGLIA ENGINEERING, INC. SUBSTITUTE CUSTODIAN AND ORDER AUTHORIZING MOVEMENT OF VESSEL |

TO THE HONORABLE, THE JUDGES OF THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON:

Plaintiff, Peoples Bank, by and through its attorney of record, having made appearance and made the following recitals:

1. On June 26, 2012 the Complaint herein was filed praying that the vessel P/C EASY RIDER, Official Number 926895, her engines, tackle, apparel,

Order Appointing Puglia Engineering, Inc. Substitute Custodian and
Order Authorizing Movement of Vessel - 1

Law Office of
STAN LOOSMORE, P.S.
P O Box 1399
Mercer Island, WA 98040
206 622-2400

furniture, appurtenances and equipment, be condemned and sold to pay plaintiff's claims and for other proper relief.

2. The Clerk of the Court has been authorized to issue a Warrant for Arrest commanding the United States Marshal for this District to arrest and take the defendant vessel into custody and to detain it in custody until further Order of this Court.

3. It is contemplated that the United States Marshal will seize the defendant vessel forthwith. Custody by the U. S. Marshal requires the services of one or more keepers at a charge of $250.00 or more per day for the keepers alone and not including charges for moorage, storage and the other services usually associated with safekeeping vessels similar to the defendant vessel.

4. It is believed that the defendant vessel is currently moored in Kingston, Washington. After its arrest, the vessel will be moved by tug or other safe means to adequate, safe moorage at facilities in Seattle, Washington arranged for by the Substitute Custodian.

5. Plaintiff is agreeable to allow Puglia Engineering, Inc., through its president, Neil Turney, to assume the responsibility of safekeeping said vessel and Puglia Engineering, Inc., through its president, Neil Turney, has consented to act as her custodian until further Order of this Court. Fees and expenses to be charged by Puglia Engineering, Inc. will be substantially less than the cost of leaving the defendant vessel in the custody of the U. S. Marshal.

6. Neil Turney, president, Puglia Engineering, Inc., by declaration appended hereto and made a part hereof, avers that neither he nor Puglia Engineering, Inc. has any interest in the outcome of this lawsuit, that he can arrange for adequate storage and supervision for the proper safekeeping of the

Order Appointing Puglia Engineering, Inc. Substitute Custodian and
Order Authorizing Movement of Vessel - 2

Law Office of
STAN LOOSMORE, P.S.
P O Box 1399
Mercer Island, WA 98040
206 622-2400

vessel, and that he has obtained liability insurance with policy limits of not less than $1,000,000.00 which is expected to be adequate to respond in damages for loss of or injury to the defendant vessel or for damages sustained by third parties due to any acts, faults or negligence of said Substitute Custodian. Further, in his declaration, Neil Turney, on behalf of Puglia Engineering, Inc., agrees to accept custody of the defendant vessel and its equipment which is the subject of the action herein, in accordance with the terms of this Order.

7. In consideration of the U. S. Marshal's consent to the appointment of Puglia Engineering, Inc., through its president, Neil Turney, as Substitute Custodian, plaintiff agrees to release the United States and the U. S. Marshal from any and all liability and responsibility arising out of the care and custody of the defendant vessel and its equipment, from the time the U. S. Marshal transfers custody of the vessel over to the Substitute Custodian, and plaintiff agrees to indemnify and hold the United States and the U. S. Marshal harmless from any and all claims whatsoever arising out of the Substitute Custodian's possession and safekeeping.

THEREFORE, IT IS ORDERED that the U. S. Marshal for the Western District of Washington be, and is authorized and directed, upon the seizure pursuant to the Warrant for Arrest of said defendant vessel, its engines, tackle, and all other necessaries thereunder appertaining and belonging, to surrender the custody thereof to Puglia Engineering, Inc., through its president, Neil Turney, as Substitute Custodian, and that upon such surrender the U. S. Marshal shall be discharged from all duties and responsibilities for the safekeeping of said vessel and held harmless from any and all claims arising out of said custodial services.

Order Appointing Puglia Engineering, Inc. Substitute Custodian and
Order Authorizing Movement of Vessel - 3

Law Office of
STAN LOOSMORE, P.S.
P O Box 1399
Mercer Island, WA 98040
206 622-2400

IT IS FURTHER ORDERED that the Substitute Custodian shall see to and be responsible for the safekeeping of the defendant vessel. Duties of the Substitute Custodian shall include, but are not limited to, ensuring that there is adequate, safe moorage for the defendant vessel. The Substitute Custodian is not required to have a person live on board the defendant vessel, but an officer or authorized agent of the Substitute Custodian shall go on board from time to time to carry out the duties of Substitute Custodian. No other person shall be allowed to enter on the defendant vessel except as provided for herein or as otherwise expressly authorized by Order of this Court.

IT IS FURTHER ORDERED that the defendant vessel may be moved by safe means from its present moorage to adequate, safe moorage at a facility in Seattle, Washington. The Substitute Custodian shall notify the Office of the U. S. Marshal that the vessel is to be moved and shall again notify the Office of the U. S. Marshal when the vessel has been moved and is securely moored. Once the vessel has been moved and moored, it shall not be moved away again without further Order of the Court.

IT IS FURTHER ORDERED that the Substitute Custodian, may, but is not required to, retain a locksmith and a marine engineer familiar with the vessel or its equipment and take them on board the vessel with authorized agents of the Substitute Custodian to assist in the moving and securing of the vessel.

IT IS FURTHER ORDERED that the Substitute Custodian, may, but is not required to, remove those pieces of electronic equipment on board the vessel, if any, which may be easily removed without damage to the vessel, and that such removed electronic equipment shall be stored in a safe, secure storage and subsequently returned to the defendant vessel or retained by the Substitute Custodian pending

Order Appointing Puglia Engineering, Inc. Substitute Custodian and
Order Authorizing Movement of Vessel - 4

Law Office of
STAN LOOSMORE, P.S.
P O Box 1399
Mercer Island, WA 98040
206 622-2400

further Order of this Court.

IT IS FURTHER ORDERED that the Substitute Custodian, may, but is not required to, retain such services as are necessary to clean the interior and/or exterior of the vessel, with such cleaning services to be performed under the supervision of the Substitute Custodian.

IT IS FURTHER ORDERED that plaintiff shall arrange to pay charges for towing and moorage of the vessel, shall pay the fees and costs of the Substitute Custodian and shall reimburse the Substitute Custodian for costs incurred in boarding, obtaining access to and securing the vessel, in conducting the inventory of the equipment on board, and in removing and storing the electronic equipment and having the vessel cleaned.

IT IS FURTHER ORDERED that all authorized expenses, hereafter approved by the Court, for securing and conducting the inventory of the vessel in an amount not to exceed $400.00, for custody of the vessel and its equipment in an amount not to exceed $400.00 per month with a minimum of one month's charges payable, for charges for towing the vessel, in an amount not to exceed $1,960.00, for moorage and electric power in an amount not to exceed $492.00 per month, for insurance on the vessel in an amount not to exceed $500.00 for the first year of Substitute Custodian's insurance, and for charges of a locksmith, of a marine engineer, for cleaning and securing the vessel and for storing electronic equipment, which are incurred by the Substitute Custodian or plaintiff for the movement and safekeeping of the defendant vessel and its equipment, shall be deemed administrative expenses of the U. S. Marshal.

IT IS FURTHER ORDERED that plaintiff's attorney shall send a copy of this Order to the owner of the defendant vessel by Certified Mail, Return Receipt

Order Appointing Puglia Engineering, Inc. Substitute Custodian and
Order Authorizing Movement of Vessel - 5

Law Office of
STAN LOOSMORE, P.S.
P O Box 1399
Mercer Island, WA 98040
206 622-2400

Requested addressed to the last known address.

DATED this 27 day of June, 2012.

*/s/ Robert J. Bryan*
UNITED STATES DISTRICT JUDGE

Presented By:

*/s/ Stan Loosmore*
Stan Loosmore, WSBA 6011
Attorney for Plaintiff

Approved By:

M Stiltner for

Mark Ericks
for U. S. Marshal
Western District of Washington

234-12010-5p

Order Appointing Puglia Engineering, Inc. Substitute Custodian and
Order Authorizing Movement of Vessel - 6

Law Office of
STAN LOOSMORE, P.S.
P O Box 1399
Mercer Island, WA 98040
206 622-2400